UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ZAJONC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>    Defendant. | Case No. 3:25-cv-02860-JSC<br><br>**ORDER RE: MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 8 |

Paula Zajonc filed this putative class action in Alameda County Superior Court challenging Defendant T-Mobile's denial of a religious exemption to its Covid-19 vaccine requirement. Plaintiff brings claims under the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(a); California's Unfair Competition Law (UCL), Cal. Bus. & Professions Code § 17200; and for wrongful termination in violation of public policy. Defendant removed the action to this Court based on diversity jurisdiction and moved to dismiss for failure to state a claim. (Dkt. No. 8.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the June 5, 2025 hearing, and GRANTS Defendant's motion with leave to amend.

**DISCUSSION**

Defendant moves to dismiss each of Plaintiff's three claims for relief. Plaintiff does not oppose the motion to dismiss the wrongful termination claim or to strike certain language in that claim.[1] (Dkt. No. 15 at 2, n.1.[2]) Plaintiff's remaining FEHA and UCL claims are insufficiently

---

[1] Defendant moves to strike references to the violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12.

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

pled and fail to state a claim.

First, to state a claim for religious discrimination under Title VII or FEHA "a plaintiff must allege, among other things, that she holds 'a bona fide religious belief' that conflicts with an employment requirement." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) (quoting *Heller v. EBB Auto Co*., 8 F.3d 1433, 1438 (9th Cir. 1993) (Title VII); *Friedman v. S. Cal. Permanente Med. Grp*., 102 Cal.App.4th 39, 45 (2002) (FEHA)). Plaintiff's perfunctory allegations fail to state a claim. (Complaint at ¶ 9 ("Plaintiff applied for a religious covid exemption, but T-Mobile rejected the exemption application, resulting in the termination of Plaintiff's employment"; ¶ 10 "Plaintiff's religious exemption was denied under a common policy implemented by T-Mobile applicable to all class members"; ¶ 26 ("religious beliefs [] precluded [Plaintiff] from taking the Covid- 19 vaccine"). Plaintiff does not allege facts in support of her bona fide religious belief, the exemption she requested, or anything about Defendant's denial. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bolden-Hardge*, 63 F.4th at 1223 ("courts [are not required to] take plaintiffs' conclusory assertions of violations of their religious beliefs at face value."). Accordingly, Plaintiff's FEHA claim is dismissed with leave to amend.

Second, the UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code, § 17200. Because the statute "is written in the disjunctive, it establishes three varieties of unfair competition" and each is a basis for liability. *Cel-Tech Comm'n, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999) (citation omitted). Plaintiff brings claims under all three UCL prongs. Plaintiff's "unlawful" claim is predicated on the FEHA violation and thus must be dismissed. *See Aleksick v. 7-Eleven, Inc*., 205 Cal.App.4th 1176, 1185 (2012) ("When a statutory claim fails, a derivative UCL claim also fails").

Plaintiff also has not stated a claim under the unfair prong—she argues the conduct is unfair because she was terminated based on her refusal to take the COVID vaccine for religious reasons. *See Warren v. PNC Bank Nat'l Ass'n*, No. 22-CV-07875-WHO, 2023 WL 3182952, at

2

*10 (N.D. Cal. Apr. 30, 2023) ("[t]he 'unfair' prong requires proving either: (1) the public policy which is a predicate to a consumer unfair competition action is tethered to specific constitutional, statutory or regulatory provisions, or (2) that the challenged business practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.") (cleaned up). Plaintiff's conclusory allegations simply parrot the statutory language and are insufficient to state a claim. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), as amended (Jan. 26, 2015). (rejecting argument "c[]onclusory allegations that merely recite the statutory language are adequate.").

Finally, Plaintiff alleges Defendant's "fraudulent conduct includes, but is not limited to, falsely making statement [sic] which indicated that they would make exemptions for Class members, but ultimately refusing to do so." (Dkt. No. 1 at ¶ 40.) "A business practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). Plaintiff's perfunctory allegation which does not even identify the allegedly false statements fails to state a claim under the UCL's fraudulent prong.

Accordingly, Plaintiff's FEHA and UCL claims are insufficiently pled. To state a claim under either statute, Plaintiff must provide Defendant fair notice of the claims against it which requires more than simply reciting the statutory language. *Iqbal*, 556 U.S. at 678 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (cleaned up).

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is GRANTED with leave to amend as to her FEHA and UCL claims. Plaintiff's wrongful termination is dismissed without leave to amend. Plaintiff's amended complaint is due June 26, 2025. Plaintiff may not add claims or parties without further leave of court.

The initial case management conference set for June 25, 2025 is CONTINUED to July 30, 2025 at 2:00 p.m. via Zoom video.

//

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated: June 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge