Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Trevor Weinberg, SBN 330778
(tw@haffnerlwyers.com)
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff Paula Zajonc,
and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ZAJONC, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No.: 3:25-cv-02860**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **EMPLOYMENT DISCRIMINATION UNDER FEHA;**<br>2. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT,** *BUS. & PROF. CODE* **§17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Paula Zajonc ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1. This is a California state-wide class action for: (1) religious discrimination under California's Fair Employment & Housing Act ("FEHA"), and (2) unfair business practices under Business & Professions Code section 17200, et seq. against defendant T-Mobile US, Inc.'s ("Defendant" or "T-Mobile"). Among other things, Defendant T-Mobile violated its employees' religious rights by wrongfully terminating them for their religious beliefs which prevent them from taking the COVID-19 vaccine. As set forth herein, Defendant arbitrarily, unreasonably, and/or unlawfully denied Plaintiff's religious exemption, resulting in their termination of Plaintiff. Plaintiff was employed by Defendant, and seeks in this class action, for herself and all others similarly situated, among other things, all wages, restitution, and reimbursement.

## PARTIES

2. Plaintiff Paula Zajonc was, at all relevant times, a resident and citizen of State of California. Plaintiff Zajonc was an employee of Defendant in the State of California, during the Class period as alleged herein.

3. Defendant T-Mobile is a business that is authorized to conduct and is actually conducting business in the State of California.

4. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences

alleged herein, and for the damages suffered by the Class.

5. Plaintiff is informed and believe and thereon allege that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place, in whole or in part, in the State of California. Venue is proper because Plaintiff's injuries were sustained within the jurisdictional borders of this Court, the contract of employment was entered into and/or at least one of the Defendants resides within the venue of this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant T-Mobile until April 3, 2022.

8. On or about September 20, 2021, Plaintiff applied for a religious exemption. Plaintiff requested accommodations including, but not limited to, working virtually. Plaintiff had bona fide religious beliefs which prevented her from taking the Covid vaccine. Indeed, in support of Plaintiff's exemption request, she attached a letter from the Pastor of her church, of which Plaintiff was a disciple, which outlined the religious reasons for Plaintiff's refusal to take the Covid-19 vaccine.

9. On or about September 22, 2021, T-Mobile confirmed receipt of the

exemption request and, in or about November 1, 2021, T-Mobile approved the accommodation request.

10. However, T-Mobile later revoked Plaintiff's accommodation request, and refused to allow any accommodations, resulting in the termination of Plaintiff's employment.

11. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff's religious exemption was denied under a common policy implemented by T-Mobile applicable to all class members. Plaintiff is informed and believes, and on that basis alleges, that T-Mobile's policies regarding religious exemptions to the COVID-19 vaccine are arbitrary, unreasonable, and/or unlawful, and were commonly applied to class members.

12. Plaintiff is a member of, and seeks to be the representative for, the group of employees who all were terminated as a result of Defendants' unlawful and discriminatory practices as alleged herein.

13. Plaintiff has met all jurisdictional requirements for proceeding with her claims under FEHA.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

14. Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Classes defined as follows:

> **CLASS**: All former California employees of Defendant who were denied a religious exemption from taking the COVID-19 vaccine, and were constructively or actually terminated by Defendant for refusing to take the COVID-19 vaccine.

15. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

16. This action has been brought and may be properly maintained as a class action, as follows:

17. **Numerosity of the Class:** Members of the Class and Subclass are so numerous that their individual joinder is impracticable. The precise number of Class and Subclass members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

18. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Defendant's termination Plaintiff and Class members violated FEHA.
   b. Whether Defendant's termination Plaintiff and Class members violated Article I, § 8 of the California Constitution
   c. Whether Defendant's termination Plaintiff and Class members violated Gov. Code. § 12940(a)
   d. Whether Defendant engaged in unlawful, unfair, or fraudulent practices and violated California Business and Professions Code § 17200 by terminating Plaintiff and Class members for their religious beliefs.
   e. The nature and extent of class-wide injury and measure of damages.

19. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff was employed by Defendant, and was exposed and subjected to the same unlawful business practices as the class members during the liability period. Plaintiff and the members of the classes she seeks to represent sustained the same types of damages and losses.

20. **Adequacy:** Plaintiff is an adequate representative of the class and subclass she seeks to represent because her interests do not conflict with the interests of the members of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute

this action vigorously. The interests of members of each class will be fairly and adequately protected by Plaintiff and their counsel.

21. **<u>Superiority and Substantial Benefit:</u>** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the class members to redress the wrongs done to them on an individual basis. Even if members of the class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

22. The class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable

to the class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### EMPLOYMENT DISCRIMINATION UNDER FEHA
**(Against All Defendants)**

23. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

24. Under the FEHA, to establish "religious creed" discrimination, plaintiff must show that she had a bona fide religious belief, the employer was aware of the belief, and the belief "religious observance," "religious belief," and "creed" to include "all aspects of religious belief, observance, and practice."

25. The FEHA prohibits employers from discriminating against any individual because of a conflict between that person's religious belief or observance and any employment requirement.

26. Plaintiff and Class members fall within the protected category of Gov. Code. § 12962(m) as an individual subjected to adverse employment action on account of their religious creed. T-Mobile discriminated against Plaintiff and Class members on the basis of their religion and religious beliefs.

27. Article I, § 8 of the California Constitution also forbids the disqualification of individuals from employment opportunities because of religion. The California Superior Court recognizes that victims of discrimination are free to seek relief for the resulting injuries under any state law, without limitation. (*Rojo v. Kliger*, (1990) 52 Cal.3d 65 at 70-71, 82, n. 10.)

28. In violation of the law, T-Mobile terminated and/or rescinded employment offers for Plaintiff and Class members for their religious beliefs, which precluded them from taking the Covid-19 vaccine. T-Mobile had the opportunity to grant Plaintiff and Class members exemptions to the vaccine mandate, but refused to do so.

29. As a proximate result of Defendant's conduct, Plaintiff and Class members have suffered harm, including lost earnings, and other employment benefits, the exact amount of her damages will be established at trial.

30. Defendant's conduct and actions were despicable, and were done maliciously and oppressively, with a willful and conscious disregard of Plaintiff's and Class members' rights, entitling Plaintiff and Class members to punitive damages under *California Civil Code* Section 3294. As to all Defendants, the officers, directors and managing agents authorized and/or ratified each and every act on which Plaintiffs' allegations of punitive damages herein are based.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
### (Business & Professions Code §17200, *et seq*.)

31. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

32. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

33. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

34. Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes, but is not limited to, its termination of Plaintiff and Class members for their refusal to take the Covid-19 vaccine for religious reasons. Defendant's fraudulent conduct includes, but is not limited to, Plaintiff's manager, Erik Wetzel, stated on a November 1, 2021 document that Plaintiff's accommodation request was approved, only to revoke the approval. Defendant T-Mobile further falsely made statements which indicated that they would make exemptions for Class members, but ultimately refusing to do so.

35. Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

36. Plaintiff and each Class seek restitution from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

A. General and compensatory damages according to proof including lost earnings and other employment benefits, cost of seeking other employment

B. For restitutionary disgorgement pursuant to the UCL;

C. For punitive damages pursuant to Civil Code §3294.

D. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.;*

E. Prejudgment interest at the maximum legal rate;

F. For reasonable attorneys' fees and costs;

G. General, special and consequential damages, to the extent allowed by law;

H. Costs of suit; and

I. Such other relief as the Court may deem just and proper.

DATED: June 26, 2025         **HAFFNER LAW PC**

By:    /s/ Trevor Weinberg
Joshua H. Haffner
Trevor Weinberg
Attorneys for Plaintiff and others
Similarly Situated

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED: June 26, 2025            **HAFFNER LAW PC**

By:     /s/ Trevor Weinberg
Joshua H. Haffner
Trevor Weinberg
Attorneys for Plaintiff and others
Similarly situated